BRADBERRY v. ADAMS STATE REVENUE AGENT.

[70 South. 697.]

1. ASSIGNMENT FOR BENEFIT OF CREDITORS. *Partial assignment. Concealing assets. Validity. Preferring creditors.*

Under the facts as set out in this case the court held that there 'was no evidence supporting the charge that the assignment was fraudulent and that the assignment was not a general assignment but a valid partial assignment and that the property of the debtor not embraced in the assignment was not "trifling in amount" or value.

2. ASSIGN FOR BENEFIT OF CREDITORS. *Preferring creditors first.*

A debtor has a perfect right to pay his general creditors first.

APPEAL from the chancery court of Marshall county.

HON. D. M. KIMBROUGH, Chancellor.

Suit by Wirt Adams, state revenue agent, against W. B. Bradberry, trustee to set aside an assignment for creditors. From a judgment for plaintiff, defendant appeals.

The state revenue agent filed a bill in chancery against one Allison to recover on behalf of the state, county, and city the statutory penalty for the unlawful sale of intoxicating liquors. No attachment was filed. During the trial of the case, but before judgment (November 12, 1912), Allison made an assignment of the property described in the instrument to Bradberry, trustee, for certain named creditors, including all except the revenue agent's claim.

After the expiration of twenty-four hours from the filing of the assignment the revenue agent filed a bill in chancery (November 13th) against Allison and Bradberry to set aside the assignment, alleging that it was tainted with fraud, and furthermore that it was a general assignment in that it attempted to convey to the trustee all the property of the assignor, except a small

or trifling amount thereof. An attachment was at once issued and levied by the sheriff; his return showing that the only property he could find after diligent search and inquiring of Allison, over and above the property assigned to the trustee, and certain real estate then covered by a deed of trust held by the bank to secure an indebtedness amounting to more than the value of the property included in the deed of trust, was a certain lot assessed at ninty dollars and some coal worth about one hundred dollars.

Afterwards execution was issued against Allison, in the first case and levied by the sheriff, who testified at the hearing of the instant case that he called upon Allison and was told that he had no other property than that embraced in the assignment or covered by the deed of trust or covered by the attachment issued in the instant case.

The defendants in the May, 1913, term of court denied fraud and alleged that the assignment was partial, as it only embraced certain specific property described in the instrument which the assignor transferred to the trustee for the benefit of certain preferred creditors, and that at the time of the making of the assignment the assignor had on deposit five hundred dollars in bank in money and some property in the state of Tennessee worth about one thousand dollars, which he had since spent and disposed of, and on the hearing of the instant case testified in support of this allegation of the answer, which fact was not contradicted by any testimony offered by the complainant. The chancellor set the assignment aside, and the trustee appeals in behalf of the creditors for whom the assignment was made.

It is the theory of the appellee that the assignment was clearly made by Allison for the purpose of preferring all of the other creditors and defeating the judgment about to be rendered against him in favor of the appellee, and that he conveyed to the trustee all his visible assets except an amount trifling and insignificant as compared with the indebtedness owing to the preferred creditors

and as compared with the value of the property assigned, which was valued at about six thousand dollars and that, since he failed or refused to disclose to the sheriff the fact that he owned other property, which fact could not be ascertained from the records, the assignment was general in effect, in that it conveyed to the trustee for preferred creditors practically all of the property of value, except the cash in bank and land in Tennessee which he concealed from the sheriff.

It is the theory of the appellant that the assignment is partial only, in that only a portion of the property owned by the assignor is conveyed, and that he had a right to prefer one set of creditors over another.

Cook, P. J., delivered the opinion of the court.

The revenue agent, appellee here, recovered a judgment against one Allison for the statutory penalty for selling intoxicating liquors, and filed a bill of complaint in the chancery court to set aside an assignment executed by Allison to appellant for the benefit of certain specified creditors of the assignor, upon the grounds that the assignment was fraudulently executed for the purpose of defeating the collection of the penalties by the revenue agent, and because, the assignment being a general assignment, and the statute governing this class of assignments not having been complied with, the same was void.

We can find no evidence in the record which supports the charge that the assignment was fraudulent. It was the opinion of the chancellor, and he so decided, that the assignment was a general assignment. We have carefully gone over the evidence, and find that all of the evidence indisputably shows that the assignment was, in fact, a partial assignment. The issue was submitted upon depositions, and without dispute or attempt at contradiction all of the evidence touching this feature of the case established that the assignor owned something like

two thousand dollars worth of property, none of which was included in the assignment. The property not embraced in the assignment was not "trifling in amount" or in value; but, on the contrary, the value of the property not assigned was, relatively speaking, quite substantial. The record merely shows that Allison preferred to pay his general creditors first; and this he had a perfect right to do.

The decree will be reversed, and judgment entered here dismissing the bill.

*Reversed.*